# United States District Court
# Central District of California

| | |
|---|---|
| CARMELO RAUL HAYNES,<br><br>    Plaintiff,<br><br>    v.<br><br>G BIAGGINI et al.,<br><br>    Defendants. | Case No: 2:16-cv-01949-ODW (JEMx)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER [39]** |

## I. INTRODUCTION

Presently before the Court is Plaintiff's Request for a Temporary Restraining Order to prevent Plaintiff from facing retaliation by Defendants. (TRO 1, ECF No. 39.) For the reasons discussed below, the Court **DENIES** the TRO.

## II. BACKGROUND

Carmelo Haynes, Plaintiff in pro se, filed suit against Chief Deputy Warden G. Biaggini and other correctional counselors and custody officers on March 3, 2016. (Compl., ECF No. 1.) Plaintiff alleges he was wrongfully transferred to CCI and placed in the SHU based on his allegations that he was improperly found guilty of committing battery. (R. & R. 5, ECF No. 35.) On October 30, 2017, the Court entered judgement against Plaintiff for failing to exhaust his administrative remedies before filing the suit. (J., ECF No. 28.)

On October 8, 2019, nearly two years later, Plaintiff files this motion for a temporary restraining order ("TRO"). (TRO.) Although his TRO request is somewhat unclear, Plaintiff fears that he or his personal belongings will be harmed in retaliation for agreeing to testify against Officer Moisa.[1] (TRO 2.) Plaintiff alleges that on February 18, 2018 Officer Moisa confiscated his television without his permission and has similarly taken possessions of other inmates. (TRO 2.) Plaintiff also alleges that correctional officers often assault inmates and that Officer Moisa has previously assaulted inmate, Demetrius Brashear. (TRO 2.) Plaintiff states he is in "fear of retaliation due to staff misconduct that is ongoing with no penological purpose." (TRO 2.) He seeks a TRO ordering that, Defendants should be prevented from harming him or his personal belongings. (TRO 2.) He also requests that he be sent to a different institution other than the Lancaster State Prison.[2] (TRO 4.)

### III. LEGAL STANDARD

"An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." *Youngstown Sheet & Tube Co. v. Sawyer*, 103 F. Supp. 978, 980 (D.D.C. 1952). The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must make a clear showing that (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def.*

---

[1] Officer Moisa was not named in the prior complaint and thus, Defendant must file a separate complaint along with this TRO instead of filing a TRO in the already closed matter.

[2] Plaintiff is currently placed in the Psychiatric Inpatient Program at the Salinas Valley State prison.

*Council, Inc.*, 555 U.S. 7, 20 (2008)). The "clear showing" requirement is particularly strong when a party seeks a TRO. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

## IV. DISCUSSION

### A. Procedural Requirements

Local Rule 65-1 sets out the procedure required in the Central District of California for a party seeking a TRO. *See* C.D. Cal. L.R. 65-1. "A party seeking a [TRO] must submit an application, a proposed TRO, and a proposed order to show cause why a preliminary injunction should not issue." *Id.* Here, Plaintiff has submitted a motion for a TRO without a proposed order. (ECF No. 39.) Accordingly, Plaintiff has failed to comply with the Local Rules governing injunctive relief. Thus, the Court denies the TRO.

### B. Standing

Furthermore, Plaintiff must have Article III constitutional standing to obtain injunctive relief. "To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *Shell Offshore, Inc. v. Greenpeace, Inc.* 709 F.3d 1281, 1286–87 (9th Cir. 2013).

Plaintiff submits no evidence other than unsworn pleading allegations to support the notion that he will be injured by the conduct he seeks to enjoin. (*See* Compl.) He asserts that he fears Officer Moisa will injure him for testifying against Officer Moisa in Brasher's law suit or alternatively, for filing a claim against Officer Moisa. (TRO 4.) However, he neither alleges that he has already testified nor that Officer Moisa has threatened violence after he decided to testify, or otherwise support the notion that such violence is actual and imminent. (*See* TRO.) Moreover,

Plaintiff's allegations that Officer Moisa confiscated his property without proper documentation in the past do not sufficiently link hypothetical future testimony to the hypothetical future harm. (TRO 2.) Such speculative harm is not actual or imminent and does not convey standing for injunctive relief. *See Lee v. Oregon*, 107 F.3d 1382, 1389 (9th Cir. 1997) (discussing that courts in the Ninth Circuit "have repeatedly found a lack of standing where the litigant's claim relies upon a chain of speculative contingencies"). Consequently, Plaintiff lacks standing to seek the TRO.[3]

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Request for a Temporary Restraining Order. (ECF No. 39.)

**IT IS SO ORDERED.**

October 16, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[3] As Plaintiff's Request fails for the above reasons, the Court does not reach the *Winter* factors. *See Winter*, 555 U.S. at 20 (2008).